Susan MITCHELL, Appellant,

v.

The TFE GROUP; Honorable Sheila C. Lowther, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2008–SC–000148–WC.

Supreme Court of Kentucky.

Jan. 22, 2009.

---

Charles E. Jennings, Jennings Law Office, Louisville, KY, Counsel for Appellant, Susan Mitchell.

Scott Caldwell Wilhoit, Clark & Ward, PLLC, Louisville, KY, Counsel for Appellee, The TFE Group.

## OPINION OF THE COURT

The Chief Administrative Law Judge (ALJ) denied the claimant's motion requesting an attorney's fee in an unfair claims settlement practices proceeding. The Workers' Compensation Board and the Court of Appeals affirmed, agreeing that neither KRS 342.320 nor any other statute authorizes an attorney's fee in a proceeding under KRS 342.267. We affirm.

The claimant sought benefits for a work-related knee injury. After considering the parties' evidence, an ALJ awarded temporary total and permanent partial disability benefits and approved a fee for the claimant's attorney. Although neither party appealed the decision, the employer's insurance carrier delayed in paying the benefits and attorney's fee. The claimant filed a complaint with the Executive Director of the Office of Workers' Claims in which she alleged that the delays constituted unfair claims settlement practices in violation of KRS 342.267.

The Office assigned the complaint a show-cause order number and initiated an investigation, after which the Executive Director heard the matter. He determined ultimately that the carrier violated 803 KAR 25:240, § 5(4) and imposed a $1,000.00 fine. The claimant's attorney requested a fee for representing the claimant in the matter, styling the motion with the injury claim number. The employer objected, and the Executive Director denied the motion, noting the lack of any statutory authority for such an award. Noting in a subsequent order that the motion was filed in the injury claim, the Executive Director declared the previous order void *ab initio, nunc pro tunc* and referred the matter to the Chief ALJ.

In a petition for reconsideration, the employer objected on the ground that Chapter 342 does not authorize an attorney's fee in a proceeding under KRS 342.267 or a referral to an ALJ for that purpose.

The claimant responded that the Executive Director lacks authority to decide a motion for an attorney's fee. She also renewed her request for an attorney's fee, using the show-cause order number. Again, the employer objected. The Chief ALJ denied both the petition for reconsideration and the claimant's request, stating that neither KRS 342.320 nor any other statute authorizes a fee.

The claimant concedes that no statute authorizes a fee for representing a worker in a proceeding under KRS 342.267. She asserts, however, that no statute prohibits such a fee and that public policy requires one. She notes that her complaint was prompted by the carrier's failure to pay benefits in a timely manner, even after several telephone calls and letters from her attorney. She argues that the attorneys who represented the employer and the carrier in the proceeding undoubtedly were compensated for their services. Yet, her attorney was not. She also argues that the lack of a fee discourages attorneys from representing workers in such proceedings and defeats the public policy embodied in KRS 342.267.

KRS 342.267 is substantially the same as at the time of the claimant's injury. It provides as follows:

> If an insurance carrier, self-insured group, or self-insured employer providing workers' compensation coverage engages in claims settlement practices in violation of this chapter, or the provisions of KRS 304.12–230, the executive director of the Office of Workers' Claims shall fine the insurance company, self-insured group, or self-insured employer the sum of one thousand dollars ($1,000) to five thousand dollars ($5,000) for each violation and if they have a pattern of violations, the executive director may revoke the certificate of self-insurance or request the commissioner of insurance to revoke the certificate of authority of the insurance carrier or the self-insured group.

■ A workers' compensation claim and an unfair claims settlement practices complaint trigger two entirely separate actions. Although an action under KRS 342.267 concerns an insurance carrier's conduct with regard to a workers' compensation claim or claims, a violation of KRS 342.267 does not provide an additional recovery to the worker and does not create a private cause of action.[1] A proceeding under KRS 342.267 is an action by the state to assure that the law is enforced. Although a worker may initiate a proceeding by filing a complaint, the Commonwealth is the real party in interest and the recipient of any fine. The Office of Workers' Claims investigates a complaint and, if appropriate, the Executive Director orders a show-cause hearing. The purpose of the proceeding is to determine whether the carrier complied with the law or engaged in conduct that warrants a fine.

■ Workers' compensation is a creature of statute and provides exclusive remedies for injured workers.[2] Neither KRS 342.320 nor any other provision in Chapter 342 authorizes an attorney's fee for filing a complaint under KRS 342.267. As we noted in *Reker*, supra at 765, a court must interpret the words that the legislature used when enacting a statute rather than surmising what it might have intended but failed to express. The proper forum for the claimant's public policy argument is the legislature rather than this court.

1.  *Travelers Indemnity Company v. Reker,* 100 S.W.3d 756 (Ky.2003).

2.  *Williams v. Eastern Coal Corp.,* 952 S.W.2d 696, 698 (Ky.1997).

The decision of the Court of Appeals is affirmed.

All sitting. All concur.